IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 10 CR 651 |
| | ) | Judge James B. Zagel |
| | ) | |
| DANIEL SPITZER, et.al. | ) | |

**GOVERNMENT'S MOTION
REGARDING THE VIDEO LINK TO THE
RULE 15 DEPOSITION OF ISAAC LEGAIR**

Now comes the United States, by its attorney, GARY S. SHAPIRO, Acting United States Attorney for the Northern District of Illinois, and moves this Court to order that the video link to the Rule 15 deposition of Isaac Legair will occur on November 7, 2012 at 9:30 a.m. in Courtroom 2503, and to admonish defendant Gerebizza of his right to attend the video link and of the consequences of refusing to attend. In support of its motion, the government states as follows:

1. The deposition will take place in St. Vincent and the Grenadines at 9:30 a.m. on November 7, 2012 and will be viewed by parties in Chicago via a video link. A videographer and court reporter will be present in St. Vincent to record the deposition. Pursuant to the law of St. Vincent, it is not necessary for a St. Vincent judge to be present. It is the parties' understanding that this Court also will not be present to view the deposition via the video link. Unless either defendant objects, the deposition will proceed without a judge either in St. Vincent or here in Chicago. The parties will state any objections for the record and later move this Court *in limine* for its ruling on the objections. Following the Court's ruling on any objections, the videotape of the deposition will be edited accordingly.

2. Government counsel has made arrangements with Court Technology Administrator Joseph Novak for the video link, and the link has been tested to the parties' satisfaction. Because defendant Gerebizza is in custody, the government proposes that the video link be set up in this Court's Courtroom, which will enable the Marshal's Service to use its usual security procedures for a detained defendant during court proceedings, including the use of the lockup to house defendant Gerebizza before the deposition begins and during any breaks in the testimony.

3. Pursuant to Fed.R.Crim.P. 15(d)(1), the government has made travel arrangements to and from St. Vincent for Gerebizza's counsel. Gerebizza will also have additional counsel viewing the deposition with him via the video link in Chicago. Spitzer's counsel was offered the same travel arrangements to and from St. Vincent, and has declined them, and opted to remain in Chicago to view the deposition via the video link, rather than travel to St. Vincent.

4. Pursuant to Fed.R.Crim.P. 15(c)(2), defendant Spitzer has waived his right to be present personally at the deposition in St. Vincent. Therefore, Spitzer will view the deposition via the video link in Chicago. Pursuant to Fed.R.Crim.P. 15(c)(1) and this Court's order of October 11, 2012, Gerebizza will also view the deposition via the video link in Chicago.

5. The defendants have a Confrontation Clause right to attend the deposition via the video link. *United States v. Abu Ali*, 528 F.3d 210, 240-243 (4th Cir. 2008), citing *Coy v. Iowa*, 487 U.S. 1012, 1016 (1988), *Maryland v. Craig*, 497 U.S. 836, (1990). Fed. R. Crim. P.15(c)(1) provides, in the case of a detained defendant, a that "[t]he officer who has custody of the defendant must

produce the defendant at the deposition and keep the defendant in the witness's presence during the examination" unless the defendant waives his right to be present in writing or is disruptive. As of this writing, Gerebizza has not waived his right to be present in writing. Since, pursuant to Fed.R.Crim.P. 15, the purpose of the deposition is to "preserve testimony for trial," and pursuant to Fed.R.Crim.P. 43, the defendant "must be present at. . .every trial stage," it appears that the presence of defendant Gerebizza at the video link to the deposition is required.[1]

6.Because defendant Gerebizza has refused to come to court on at least two occasions in the recent past, the government is concerned that he may refuse to come to court to view the deposition on November 7, 2012. If the deposition were proceeding in this jurisdiction and on another date, the Court could briefly delay the proceeding and address this issue by ordering the production of Gerebizza and by admonishing him. *United States v. Watkins*, 983 F2d 1413, 1415 (7th Cir. 1993). However, the Court will not be present on November 7, 2012 . Further, delaying the Legair deposition on or past November 7, 2012 will be extremely difficult or even impossible, given its location in a foreign country and the schedules of the parties involved. Delaying the deposition will likely cause additional expense and inconvenience to the government, Gerebizza's

---

[1] Since Spitzer is not detained, his situation is slightly different and he may waive his presence by conduct alone. Rule 15(c)(2) provides that a defendant on bond, for whom expenses have been tendered pursuant to Rule 15(d), waives the right to appear and to object to the deposition if he fails to appear at the deposition. The government and Spitzer's attorney are currently arranging for the tendering of transportation expenses for Spitzer.

counsel, Spitzer and his counsel, and witness Legair, and would likely require the total rescheduling of the deposition and a repeat trip to St. Vincent and the Grenadines at a later date.

7. Though a criminal defendant has a constitutional right to be present at every stage of trial, this right is not absolute. *Illinois v. Allen*, 397 US 337, 338, 342-43 (1970). A defendant may lose this right by engaging in disruptive behavior after he has been warned by the judge that he will be removed if he continues his disruptive behavior. *Id.* at 343. A defendant may waive his presence at trial by voluntarily absenting himself after trial has begun. Fed. R. Crim. P. 43(c)(1)(C). A detained defendant who refuses to be brought over for court has waived the right to be present if the Court finds that a number of factors are present. *United States. Watkins*, 983 F.2d 1413, 1418 -1419 (7th Cir. 993). The court must find that the waiver is knowing and voluntary and that there is a controlling public interest to continue the trial in the defendant's absence. *Id.* The court must also consider the likelihood that the trial can take place with the defendant present, the difficulty of rescheduling, and the burden on the government and inconvenience to jurors of having to undertake two trials, particularly in a multiple defendant case. *Id.*

8. In *United States v. Nichols*, 56 F.3d 403, 417 (2d Cir. 1995), the Second Circuit upheld a district court's determination that a defendant who had refused to come out of the lockup on the day of trial had knowingly waived his right to attend the trial. The *Nichols* court found that "[w]hen a defendant expresses a desire not to attend trial, the district court must ensure that the defendant knows that he has the opportunity to attend and knows the

ramifications of his choices so that the decision to waive his right will be intelligently made." *Id*. The *Nichols* court informed the defendant that he had a right to attend trial and was entitled to the opportunity to participate. *Id*. The district court informed the defendant on two occasions of the benefits of attending the trial, admonished the defendant that a trial cannot stop just because a defendant does not wish to participate, emphasized that by attending the trial the defendant could suggest questions to his lawyer for cross-examination of witnesses cooperating with the government, and noted that if at any time during trial the defendant needed time to confer with his lawyers about witness cross-examination, the court would take a recess. *Id*. The *Nichols* court further reminded the defendant that a criminal defendant only had to create reasonable doubt in the minds of the jury to secure an acquittal, and that a defendant who does not aid his lawyer is unlikely to be acquitted. *Id*.

9. Because of Gerebizza's past refusal to attend court and the difficulties that would arise if Gerebizza should refuse to appear for the video link to the Legair deposition , the government requests that, prior to November 7, 2012, the Court admonish defendant Gerebizza of his right to be present for the video link to the deposition, and of the consequences of refusing to attend, consistent with the holdings in *United States. Watkins*, 983 F.2d 1413, 1418 -1419 (7th Cir. 1993) and *United States v. Nichols*, 56 F.3d 403, 417 (2d Cir. 1995).

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court:

a. enter an order that the video link to the Rule 15 deposition of Isaac Legair will occur on November 7, 2012 at 9:30 a.m. in Courtroom 2503, and

b. admonish defendant Gerebizza of his right to attend the video link and of the consequences of refusing to attend, consistent with the case law cited above.

    Respectfully submitted,

    GARY S. SHAPIRO
    Acting United States Attorney

    /s/ Madeleine S. Murphy
By:  MADELEINE S. MURPHY
    Assistant United States Attorney
    219 S. Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2070

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the aforenamed document was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on October 25, 2012.

                                      By:   /s/ Madeleine S. Murphy
                                              MADELEINE S. MURPHY
                                              Assistant United States Attorney
                                              219 S. Dearborn Street
                                              Chicago, Illinois   60604
                                              312) 886-2070