IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 CR 651 |
| ) | |
| DANIEL SPITZER and ) | |
| ALFRED GEREBIZZA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

As part of Daniel Spitzer's sentence on fraud charges, residential property in North Barrington, Illinois was ordered forfeited to the United States. A trust owns the property, and Judy Spitzer, Daniel's wife, is the trustee and also lives in a home on the property. She filed a petition opposing the forfeiture. The government has moved for summary judgment on Judy's claim.

## Background

In 2014, Judy Spitzer's husband, Daniel Spitzer, pled guilty to fraud charges in this case, which was then before Judge James Zagel, who is now retired. The Court will refer to the Spitzers by their first names. Judge Zagel sentenced Daniel to a twenty-year prison term and ordered him to pay $34,000,000 in monetary penalties and forfeit his interest in property in North Barrington. In March 2015, Judge Zagel issued a preliminary order of forfeiture that identified the North Barrington property as a substitute asset that could satisfy shortfalls in payment of the $34,000,000 penalty. The

government issued a notice of forfeiture.

Judy subsequently filed a petition opposing forfeiture. She attached several documents reflecting that the North Barrington property is held by a trust of which she is the trustee and the Spitzers' son is the beneficiary. Thus, according to Judy, Daniel had no interest in the North Barrington property.

The government moved to dismiss Judy's claim. This motion was still pending when Judge Zagel assumed senior status and the case was transferred to the undersigned judge. After the transfer, the parties briefed the motion, and the Court denied it.

Following discovery, the government has now moved for summary judgment on Judy's claim.

## Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, the Court must consider all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in her favor. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. *Id.*

The government first contends that it is entitled to summary judgment because Judy has failed to present any evidence that she is an owner of the North Barrington property. Judy does not dispute this point. Nevertheless, the government is not entitled to summary judgment on this basis, because—as the Court explained in its decision on

2

the government's motion to dismiss—Judy has a legitimate claim as trustee of the trust that owns the property. As trustee, Judy must take certain actions for the benefit of the beneficiary, who under Illinois law is the "true owner[]" of the property. *See Podvinec v. Popov*, 168 Ill. 2d 130, 137, 658 N.E.2d 433, 436 (1995). These actions, as outlined in the trust document for the North Barrington property, include contesting claims against the trust estate. Thus, Judy, in her capacity as trustee, has a legitimate claim to the property on behalf of her son, the trust beneficiary.

The government argues that the Court should grant summary judgment on Judy's claim as trustee for two reasons, both of which lack merit. First, the government points out that Judy's petition opposing forfeiture stated her interest as an owner of the North Barrington property, not as trustee. Thus, according to the government, Judy's claim as trustee is a new basis for relief that was raised for the first time in her response brief to the motion for summary judgment. As the Court explained in ruling on the government's motion to dismiss, however, the documents that Judy attached to her petition indicated that she was claiming an interest in the North Barrington property as trustee. Indeed, in her interrogatory responses and deposition testimony, Judy maintained that her interest in the property was as trustee, not as an owner. Thus, contrary to the government's contentions, Judy's claim in her capacity as trustee was not raised for the first time in her response brief.

Second, the government argues that it is entitled to summary judgment because the trust is a sham. Specifically, the government contends that Daniel is the true beneficiary of the trust, and therefore Judy's claim as trustee is actually asserted on behalf of Daniel, not their son. According to the government, the Spitzers' son is just a

3

"nominee," a person who "holds bare legal title for the benefit of others." *United States v. Szaflarski*, 614 F. App'x 836, 838 (7th Cir. 2015). A mere nominee's third-party interest in a property cannot render a forfeiture invalid. *Id.*

"State law defines and classifies property interests for purposes of the forfeiture statutes." *United States v. 5 S 351 Tuthill Rd.*, 233 F.3d 1017, 1021 (7th Cir. 2000). "Illinois courts have never articulated a detailed standard for what constitutes a nominee," and courts in the Seventh Circuit have analyzed the issue by considering factors set forth by the Fifth Circuit in *Oxford Capital Corp. v. United States*, 211 F.3d 280 (5th Cir. 2000). *See Szaflarski*, 614 F. App'x at 838-39; *United States v. Maier*, No. 17 C 8433, 2019 WL 1399983, at *8 (N.D. Ill. Mar. 28, 2019). These factors include whether

> (1) there is a close personal relationship between the nominee and the transferor; (2) the nominee paid little or no consideration for the property; (3) the parties placed the property in the name of the nominee in anticipation of collection activity; (4) the parties did not record the conveyance; and, (5) the transferor continues to exercise dominion and control over the property.

*Szaflarski*, 614 F. App'x at 838-39 (citing *Oxford Capital Corp.*, 211 F.3d at 284 n.1).

In support of its contention that the Spitzers' son is a nominee, the government offers evidence that Daniel was the original beneficiary. Specifically, it points to the fact that shortly after Daniel was arrested on the fraud charges, Judy amended the trust to make their son the beneficiary rather than Daniel; and Daniel continued to live in the home after the son became the beneficiary. The government's evidence may ultimately carry the day on its contention that the naming of the Spitzers' son as the trust beneficiary is a sham and that he is a mere nominee, but it does not establish this as a matter of law. Judy has presented evidence—primarily her own testimony and trust

4

documents—tending to show that the Spitzers' son is the true beneficiary of the trust, she is the trustee, and Daniel has no interest in the North Barrington property. This evidence, viewed in the light most favorable to Judy, would support a reasonable finding in her favor on the claim.

For these reasons, the Court denies the government's motion for summary judgment on Judy's claim.

## Conclusion

For the foregoing reasons, the Court denies the government's motion for summary judgment [dkt. no. 559]. The case is set for a status hearing on August 13, 2020 at 9:10 a.m. to set a date for a trial / evidentiary hearing. The status hearing will be held by telephone, using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 7, 2020